53 F.3d 340
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Andre SCHOKA, Plaintiff-Appellant,
v.
Vince G. SWINNEY, Defendant-Appellee.
 No. 94-16733.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 28, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andre Schoka, a Nevada state prisoner, appeals pro se the district court's summary judgment in favor of Doug Albro, a deputy sheriff, in Schoka's 42 U.S.C. Sec. 1983 action alleging that Albro used excessive force when he assaulted Schoka while escorting Albro to a courtroom in connection with proceedings on state criminal charges. Schoka asserts that Albro caused a 1 1/2 inch cut on Schoka's hand after Schoka did not comply with an instruction by Albro, which Schoka did not understand. We review de novo, In re Kroy (Europe) Ltd., 27 F.3d 367 (9th Cir.1994), and we affirm.
 
 
 3
 The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. See Hudson v. McMillan, 503 U.S. 1, 3 (1992). Here, Albro submitted an affidavit stating that while he was escorting Schoka to the courtroom, Schoka became agitated for unknown reasons and refused to follow Albro's instructions to stand still so that he could remove his handcuffs. Albro stated that he used his hands to place Schoka in a "cuffed arm lock" and told Schoka to be cooperative. Albro stated that he used no weapons other than his hands and the handcuffs Schoka was still wearing. Albro stated that Schoka suffered a 1 1/2 inch scratch to the back of his left hand. Albro also submitted the affidavits of Schoka's public defender and interpreter. Both stated that they had no recollection of witnessing a deputy sheriff use force against Schoka in which blood was drawn. The public defender stated further that she believes she would have recalled the incident if her client had been attacked by a deputy sheriff and blood had been drawn. Schoka did not provide any sworn testimony in opposition to the motion.
 
 
 4
 Based on this record, the district court properly concluded that, as a matter of law, any injury was de minimis. In addition, Schoka did not raise a genuine issue of fact as to whether Albro's use of force was of a sort "repugnant to the conscience of mankind." Id. Albro was therefore entitled to summary judgment.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3